UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

PETER LOEB,

        Plaintiff,

v

IRIS FINANCIAL ENGINEERING, LLC,

        Defendant.

------------------------------------------------------X

Case No. 07 CV 11141 (LAK)
(RLE)

**COMPLAINT**

(Demand for Trial by Jury)

(Electronically Filed)

Peter Loeb by his attorneys, Pedowitz & Meister, LLP, alleges as follows for his Complaint against Defendant:

## NATURE OF ACTION

1. This action is brought to remedy claims of age discrimination in violation of: the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq. ("ADEA"), the New York State Human Rights Law, Executive Law § 296 et seq.(the "Human Rights Law"), and the Administrative Code of the City of New York § 8-101 et seq. (the "City Law").

2. Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, back pay, front pay, benefits, attorney fees and other appropriate relief pursuant to federal, state and city law.

## JURISDICTION AND VENUE

3. Plaintiff filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about July 9, 2007 complaining of the acts of age discrimination alleged herein.

4. On or about September 17, 2007, the EEOC mailed Plaintiff a notice informing him of his right to sue Defendant in federal court. This action has been commenced within 90 days of Plaintiff's receipt of the said notice. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under applicable law.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Secs. 1331, 1337 and 1343, 28 U.S.C. Secs. 2201 and 2202; by 42 U.S.C. Secs. 2000e-5(f) and g, and by 29 U.S.C. §626. This court has supplemental jurisdiction over Plaintiff's Human Rights Law and City Law claims.

6. As the unlawful employment practices complained of herein occurred, and Defendant regularly does business, within the Southern District of New York, venue is proper in this District pursuant to 28 U.S.C. Secs. 1391(b) and 1392 and 42 U.S.C. Sec. 2000e-5(f)(3).

## PARTIES

7. Peter Loeb, Plaintiff, is over 18 years of age and a resident and citizen of Brooklyn, New York. At the time of his termination Plaintiff was 60 years old. At all times material hereto he was an employee of Defendant working from its offices in Manhattan, New York.

8. On information and belief, Defendant Iris Financial Engineering LLC is a Limited Liability Company duly organized in, and a citizen of, the State of Delaware. On information and belief Defendant is not, and all times material times hereto was not, authorized to do business in the State of New York conducting business from its offices in Manhattan, New York.

## FACTUAL ALLEGATIONS

9. Plaintiff commenced employment with Defendant as a software engineer in or about December 2005.

10. According to the individual who hired him, Plaintiff's work was consistently satisfactory and he was ranked, performance wise, in the middle of all of the Defendant's New York software engineers.

11. Plaintiff was qualified to perform of the essential functions of his position. He was never disciplined, and never caused a production problem or regression. Other, younger, employees had caused without their being terminated.

12. At or about the beginning of 2007, Defendant hired Karen Moss, as Vice President of Professional Services and Chief Customer Officer ("Ms. Moss").

13. Ms. Moss made it clear that Plaintiff should be terminated. Among other things, she asked at least one of Defendant's employees to "set Plaintiff up" for termination, knowing that it was not justified.

14. Without cause or justification therefore, Ms. Moss terminated Plaintiff's employment in April 2007.

15. Although the record does not support it, some of Defendant's employees were told that Plaintiff was terminated for "performance" reasons when that was not the case.

16. Plaintiff was terminated on account of his age in violation of the Age Discrimination Employment Act, the Human Rights Law, and the City Law.

**FIRST CAUSE OF ACTION - ADEA**

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 of this Complaint.

18. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age, in violation of the ADEA.

19. In taking the above-described discriminatory actions, Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the ADEA.

20. As a result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and other compensable injuries.

## SECOND CAUSE OF ACTION - HUMAN RIGHTS LAW

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 of this Complaint.

22. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age, in violation of the Human Rights Law.

23. In taking the above-described discriminatory actions, Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the Human Rights Law.

24. As a result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer mental anguish, emotional distress, and other compensable injuries.

## THIRD CAUSE OF ACTION - CITY LAW

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 of this Complaint.

26. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age, in violation of the City Law.

27. In taking the above-described discriminatory actions Defendant acted intentionally and with malice and reckless indifference to Plaintiff's rights under the City Law.

28. As a result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer mental anguish, emotional distress and other compensable damages.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a Judgment:

    a) declaring the acts and practices by Defendant complained of herein

to be violations of the ADEA, the Human Rights Law and the City Law;

b) enjoining and permanently restraining these violations of the ADEA, the Human Rights Law, and the City Law;

c) directing Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) directing Defendant to develop and implement, under the supervision of this Court, an effective policy to prevent age discrimination;

e) directing Defendant to reinstate Plaintiff, retroactively for all purposes to the date of his termination and awarding Plaintiff compensatory and punitive damages;

f) directing Defendant to pay Plaintiff an amount equal to his lost wages and benefits retroactive to the date of his discharge, with interest thereon, as well as front pay and benefits if he is not reinstated, together with an equal amount as liquidated damages by virtue of its wilful and malicious actions;

g) awarding Plaintiff the costs of this action, together with reasonable attorney's fees; and

h) granting Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury of all issues so triable in this action.

Dated:   New York, New York
December 10, 2007

PEDOWITZ & MEISTER, LLP

By: _____
ARNOLD H. PEDOWITZ (AP-1382)
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7321