Miriam H. Wugmeister
Marian A. Waldmann
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050

Attorneys for Defendant Iris Financial Engineering, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER LOEB,<br><br>                      Plaintiff,<br><br>- v. -<br><br>IRIS FINANCIAL ENGINEERING, LLC,<br><br>                      Defendant. | 07 Civ. 11141 (LAK)<br>              (RLE)<br><br>**ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Iris Financial Engineering, LLC ("Iris") by its undersigned attorneys Morrison & Foerster LLP, for its Answer to the correspondingly-numbered paragraphs of the Complaint in this action (the "Complaint") of Plaintiff Peter Loeb ("Loeb" or "Plaintiff"), dated December 11, 2007, responds as follows:

### NATURE OF THE ACTION

1. Denies the allegations in paragraph 1 of the Complaint.

2. Denies that Plaintiff was damaged and that Plaintiff is entitled to any relief against Defendants.

### JURISDICTION AND VENUE

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, but admits that Plaintiff filed a

|   |   |
|---|---|
|   | charge of age discrimination against Iris with the Equal Employment Opportunity Commission ("EEOC") for age discrimination. |
| 4. | Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, but admits that that the EEOC issued to Plaintiff a notice informing him of his right to sue on or about September 17, 2007. |
| 5. | Admits that the Complaint purports to assert claims pursuant to 28 U.S.C. §§ 1331, 1337 and 1343(a)(4); 28 U.S.C. §§ 2201 and 2202; 42 U.S.C. §§ 2000-e-5(f) and g; and 29 U.S.C. § 629 *et seq.*, and admits that this Court has jurisdiction over the Complaint as pled. |
| 6. | Denies the allegations in paragraph 6 of the Complaint and admits that venue for this action lies in the United States District Court for the Southern District of New York. |

### PARTIES

| | |
|---|---|
| 7. | Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint. |
| 8. | Denies the allegations in paragraph 8 of the Complaint, except admits that Iris is a Limited Liability Company organized in the State of Delaware. |

### FACTUAL ALLEGATIONS

| | |
|---|---|
| 9. | Admits that Plaintiff began his employment with Iris in or about December 2005 as a software engineer. |

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint regarding assessment by the individual who hired him. Denies the remainder of allegations in paragraph 11.

11. Denies the allegations in paragraph 11.

12. Admits that Karen Moss was hired as Vice President of Professional Services and Chief Customer Officer at or about the beginning of 2007.

13. Denies the allegations in paragraph 13.

14. Denies the allegations in paragraph 14 of the Complaint, but admits that Iris terminated Plaintiff's employment in April 2007.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

### FIRST CAUSE OF ACTION – ADEA

17. Repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

### SECOND CAUSE OF ACTION – HUMAN RIGHTS LAW

21. Repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

### THIRD CAUSE OF ACTION – CITY LAW

25. Repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

### AFFIRMATIVE DEFENSES

29. As and for its affirmative defenses, Iris alleges as follows, without assuming any burden of pleading or proof that would otherwise rest with Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

30. Each and every cause of action in the Complaint fails to state a claim against Iris upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (CAUSATION)

31. To the extent Plaintiff has suffered the damages alleged in the Complaint, such damages were not caused by Iris, but by the acts or omissions of Plaintiff himself or others.

### THIRD AFFIRMATIVE DEFENSE
### (LACHES, WAIVER, ESTOPPEL AND UNCLEAN HANDS)

32. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel and unclean hands.

4

## FOURTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

33. Iris is informed and believes, and on that ground alleges, that Plaintiff has had and continues to have the ability and opportunity to mitigate the damages alleged in the Complaint and has failed to act reasonably to mitigate such damages.

## FIFTH AFFIRMATIVE DEFENSE
## (APPROPRIATE COMPANY CONDUCT)

34. Plaintiff's claims are barred on the grounds that Iris acted at all times in accordance with company policies and procedures.

## SIXTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

35. To the extent Plaintiff's claims are based on conduct occurring outside the applicable periods of limitation, those claims are barred by the applicable statute of limitation.

## SEVENTH AFFIRMATIVE DEFENSE
## (PLAINTIFF'S MISCONDUCT)

36. Plaintiff's claims are barred because all events of which Plaintiff complains are based on and caused by Plaintiff's own misconduct.

## EIGHTH AFFIRMATIVE DEFENSE
## (GOOD CAUSE FOR TERMINATION)

37. As a separate and independent affirmative defense, Iris alleges that it had sufficient and nondiscriminatory cause to terminate Plaintiff's employment.

## NINTH AFFIRMATIVE DEFENSE
## (OTHER AFFIRMATIVE DEFENSES)

38. Iris reserves the right to plead additional affirmative defenses as discovery progresses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Iris demands judgment as follows:

1. That judgment be entered in favor of Iris and against Plaintiff;

2. That the Complaint be dismissed with prejudice;

3. That Iris be awarded its costs of suit herein incurred;

4. That Iris be awarded its expenses, including reasonable attorneys' fees; and

5. For such other and further relief as the Court may deem just and proper.

Dated: New York, NY
       March 31, 2008

Respectfully submitted,

/s/ Miriam H. Wugmeister

Miriam H. Wugmeister (mwugmeister@mofo.com)
Marian A. Waldmann (mwaldmann@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8000
(212) 468-7900 (fax)

*Attorneys for Defendant*
*Iris Financial Engineering, LLC*

ny-807078

6